

# NUMBER 13-12-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MICHAEL MCCANN,                                                    Appellant,

v.

THERESA WHITT, ET AL.,                                            Appellees.

---

### On appeal from the 36th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Valdez

By one issue, appellant, Michael McCann, challenges the inclusion of the words "with prejudice" in the order dismissing his pro se, in forma pauperis suit against Dr. Theresa Whitt and other unidentified prison officials.[1]  We modify the dismissal order by

---

[1] McCann does not challenge the appropriateness of the actual dismissal order. In fact, he specifically requests that we "affirm as modified."

deleting the words "with prejudice" and substituting the words "without prejudice," and affirm as modified.

## I.   BACKGROUND

McCann, in his original petition, alleged that Dr. Whitt altered his insulin dosage without consulting him or changing his chart. He claimed that she changed the amount of doses provided to him from once to twice daily. Additionally, he alleged that, after requesting that he receive his insulin at 10:00 a.m. daily, Dr. Whitt instead scheduled him for 3:00 a.m. insulin doses. McCann alleges, in the petition, that Dr. Whitt laughed at his complaints that he was sleep-deprived and that taking insulin at this time was against his religion. McCann contends that Dr. Whitt retaliated against him for stating he would use the jail's grievance system and for requesting a specific brand of insulin, "Lantis". Additionally, he alleges that she is guilty of official oppression and deliberate indifference to his medical needs. He also seeks damages for tampering with evidence, which he claims was committed by the staff at the prison.

On July 12, 2012, the Texas Office of the Attorney General (the "OAG") filed an amicus curiae brief ("amicus brief") requesting that the trial court dismiss McCann's case as frivolous in violation of Chapter Fourteen of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001–.014 (West Supp. 2011). The amicus brief alleged multiple grounds for dismissal. First, the OAG asserted that the suit has "no basis in law or fact and is therefore frivolous." *See id.* § 14.003. The OAG applied this reasoning to McCann's official oppression and deliberate indifference claims. Second, the OAG claimed that McCann failed to comply with section 14.005 by not properly filing an affidavit or unsworn testimony stating the date

2

he filed grievances with the Texas Department of Criminal Justice ("TDCJ") and because he did not provide evidence that he received a response to the grievance from the TDCJ. *See id.* § 14.005. Finally, the OAG argued that McCann failed to comply with section 14.006(f) and 14.004(c) because he did not provide the trial court with a certified copy of his trust account. *See id.* §§ 14.004(c), 14,006(f).

In its final judgment, entered on July 27, 2012, the trial court dismissed McCann's claims, with prejudice, as "frivolous for failure to comply with Chapter 14 of the Texas Civil Practices and Remedies Code."

## II. DISCUSSION

McCann argues that his suit should not have been dismissed "with prejudice." We agree.

When reviewing a dismissal order under chapter 14 of the civil practice and remedies code, the standard of review on appeal is for abuse of discretion. *Hickson v. Moya*, 926 S.W2d 397, 398 (Tex. App—Waco 1996, no writ). The trial court abused its discretion if it acted without reference to any guiding legal principles. *Id.*

The State argues that because "the order of dismissal does not specify upon what grounds it was granted, the Court must affirm the order if any of the grounds presented to the trial court are meritorious." However, the trial court dismissed McCann's claim "as frivolous for failure to comply with Chapter 14." A case can only be dismissed for being frivolous or malicious for failure to comply with chapter 14 under section 14.003(a)(2). TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West Supp. 2011) (granting courts authority to dismiss inmate suits for being frivolous or malicious). The amicus brief claimed that McCann's cause of action was frivolous for having no

3

basis in law. *See id.* § 14.003(b) (listing the fact that a claim has no arguable basis in law as a consideration for determining whether a claim is frivolous or malicious). The case could not have been dismissed for being frivolous under any other grounds alleged in the amicus brief. *See id.* §§ 14.004(c), 14.005, 14.006(f). We therefore must construe the trial court's final judgment as a dismissal under section 14.003 for being frivolous because the claim had no basis in law. Accordingly, we will consider whether dismissal "with prejudice" was appropriate on these grounds.

A trial court can properly dismiss a case with prejudice if it makes a decision on the merits of the case or if the defendant would be unable to cure the defect in a subsequent suit. *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex. 1991); *Thomas v. Skinner*, 54 S.W.3d 845, 846–47 (Tex. App.—Corpus Christi 2001, pet. denied). Orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992). By adding the words "with prejudice," a trial court thus bars any suit arising out of the same facts involving the same parties. *Id.* Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999).

A dismissal for failure to comply with the conditions in chapter 14 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the civil practice and remedies code. *Thomas*, 54 S.W.3d at 846–47; *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Thomas v. Knight*, No. 13-01-034-CV, 2001 Tex. App. LEXIS 4303, at

4

*7–8 (Tex. App.—Corpus Christi, June 28, 2001, no pet.) (mem. op.). Here, McCann's case was dismissed pursuant to chapter 14.[2] Accordingly, the trial court did not make a determination on the merits of the case. *See Thomas*, 54 S.W.3d at 846–47; *Hickman,* 35 S.W.3d at 124; *see also Knight*, 2001 Tex. App. LEXIS 4303 at *7−8.

In support of the trial court's dismissal with prejudice, the State advanced the sole argument that "a frivolous lawsuit with no basis in law, like the present case, cannot be remedied or cured." The State is correct in asserting that dismissal with prejudice is appropriate when the trial court determines that a defendant can not remedy the defects in pleadings. *See Thomas*, 54 S.W.2d at 846–47; *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *see also Spurlock v. Scott*, No. 13-01-733-CV, 2002 Tex. App. LEXIS 3356 at *12–13 (Tex. App.—Corpus Christi, May 9, 2002, pet. ref'd) (mem. op., not designated for publication); *Moreland v. Johnson,* 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that a suit that is not timely filed pursuant to section 14.005(b) may be dismissed with prejudice because it can not be cured). However, contrary to the State's argument, when a suit is dismissed under section 14.003 for having no basis in law, it can be remedied by more specific pleadings or alternative legal theories and must be dismissed "without prejudice." *Decker v. Dunbar*, 200 S.W.3d 807, 811 (Tex. App.—Texarkana 2006, pet. denied) (holding that a defect can be remedied when a case is dismissed under Chapter 14 for having no cognizable legal harm); *Lentworth v. Trahan*, 981 S.W.2d 720, 722−23

---

[2] The State, in its appellate brief, contends that McCann's "case was dismissed for failure to comply with Chapter 14 *as well as* being a frivolous lawsuit." (emphasis added). We note that, instead, the final judgment dismissed the case "as frivolous *for* failure to comply with Chapter 14." (emphasis added).

(Tex. App.—Houston [1st Dist.] 1998, no pet.) (declining to find that an inmate had no possible causes of action arising out of the same set of facts when the trial court dismissed his claim for having no basis in law). Here, McCann can potentially revise his pleadings to cure the alleged deficiencies and should not be barred from bringing a claim arising out of the same set of facts. *Decker*, 200 S.W.3d at 811; *Lentworth*, 981 S.W.2d at 722−23. We therefore conclude that, because McCann's suit was not dismissed on its merits and because he can cure the defect with more specific pleadings, the dismissal should have been "without prejudice." Accordingly, we sustain McCann's point of error.

### III. CONCLUSION

We modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting the words "without prejudice." We affirm as modified.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
21st day of March, 2013.

6